# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **DARCEY OLSCAMP,**  **Plaintiff,** v. **STANDARD INSURANCE COMPANY,** **Defendant.** | **COMPLAINT** **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This complaint seeks legal and equitable damages arising from and relating to a long-term disability insurance policy and life insurance policy issued, insured, and underwritten by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are *not* exhaustive and are presented throughout this complaint so as to provide Defendant with the requisite notice of the basis for Plaintiff's allegations.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of the parties and Ms. Olscamp's damages exceed Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1332(b)(2), and Local Rule 1.04(a), venue is proper in the Fort Myers Division of the United States District Court for the Middle District of Florida because a substantial part of the events giving rise to Ms. Olscamp's claims occurred in Collier County, Florida.

## PARTIES

6. Plaintiff Darcy Olscamp ("Ms. Olscamp") is a citizen of the United States, a resident of Collier County, and an insured participant under the long-term disability insurance policy ("LTD Policy") and life insurance policy ("Life Policy") at issue in this lawsuit.

7. Defendant Standard Insurance Company ("Standard") is the insurer of the LTD Policy and Life Policy at issue in this lawsuit.  Standard does business as an admitted insurer in Florida—Florida Code 05458 and NAIC Code 69019. Standard is incorporated in Oregon with its home office at 1100 Southwest Sixth Avenue, Portland, Oregon 97204-1093.  Standard's registered agent is: Florida Chief Financial Officer, 200 E. Gaines Street, Tallahassee, Florida 32399-0000.

# FACTS

8. Through her employment with the City of Bonita Springs, Ms. Olscamp is insured under both the LTD Policy and Life Policy issued and underwritten by Standard.

9. The LTD Policy provides Ms. Olscamp with a monthly disability benefit in the event she satisfies the LTD Policy definition of Disability, which for the first twenty-four (24) months is defined as:

> You are Disabled from your Own Occupation if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder:
>
> 1. You are unable to perform with reasonable continuity the Material Duties of your Own Occupation: and
>
> 2. You suffer a loss of at least 20% in your Indexed Predisability Earnings when working in your Own Occupation.

10. Thereafter, the LTD Policy defines Disability as:

> You are Disabled from all occupations if, as a result of Physical Disease. Injury, Pregnancy or Mental Disorder, you are unable to perfom1 with reasonable continuity the Material Duties of Any Occupation.

11. The LTD Policy provides Ms. Olscamp with a monthly disability benefit if she remains Disabled through Social Security Normal Retirement Age ("SSNRA") (i.e., age 67).

12. The Life Policy provided Ms. Olscamp with a life insurance benefit for herself—payable to her designated beneficiary—and life insurance benefits for

each of her dependents.

13. Upon information and belief, Ms. Olscamp's Life Policy provided her with $100,000 in coverage for herself and $10,000 for each of her dependents.

14. The Life Policy also provided Ms. Olscamp with a waiver of premium benefit—whereby her premiums would be waived so long as she satisfied the Life Policy definition of Totally Disabled.

15. Ms. Olscamp ceased work in November 2024 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen.

16. Subsequent to ceasing work, Ms. Olscamp has remained continuously disabled and unable to perform the duties necessary to engage in her prior occupation and any other gainful employment.

17. Ms. Olscamp applied for the monthly disability benefits under the LTD Policy and waiver of premium benefits under the Life Policy.

18. In applying for the benefits under the respective policies, Ms. Olscamp provided sufficient evidence to show she satisfied both definitions of Disability and Total Disability.

19. On July 11, 2025, Standard denied Ms. Olscamp's claim for the monthly disability benefits under the LTD Policy.

20. The Life Policy requires Standard to make a waiver of premium claim

decision within 45 days.

21. To date, Standard has *not* made a decision on Ms. Olscamp's claim for the Life Policy's waiver premium benefit.

22. Standard's failure to make a timely decision on Ms. Olscamp's Life Policy waiver of premium benefit claim has in effect denied Ms. Olscamp's claim for the benefits and deprived her of the *entire* face value coverage—for herself and her dependents.

23. Ms. Olscamp has met and continues to meet the requirements of the policy necessary to receive the LTD Policy monthly benefits and Life Policy waiver of premium benefit.

24. Ms. Olscamp's complaint is timely and is *not* otherwise time barred.

### CLAIM I – BREACH OF CONTRACT (LTD POLICY)

25. Ms. Olscamp realleges each of the paragraphs above as if fully set forth herein.

26. The LTD Policy constitutes a written contract between Ms. Olscamp and Standard whereby Standard, in consideration of Ms. Olscamp's premium payments, promised to pay the monthly disability income benefits in the event Ms. Olscamp became Disabled—as defined in the LTD Policy—and to *not* improperly deny or terminate those benefits.

27. Standard breached the terms of the LTD Policy by denying Ms.

Olscamp's LTD Policy monthly disability benefits.

28. As a direct and proximate result of Standard's breach of contract, Ms. Olscamp suffered actual damages in being deprived of the LTD Policy monthly disability benefits, as well as the loss of any earnings on those same monthly disability benefits, the loss of opportunity, and costs incurred.

29. Ms. Olscamp is entitled to a judgment against Standard for: (i) all of her actual, consequential, and incidental damages resulting from the breach of contract; (ii) interest; and (iii) all other legal and equitable relief necessary to make her whole.

30. Ms. Olscamp is also entitled to an award of prejudgment interest against Standard.

### CLAIM II – BREACH OF CONTRACT (LIFE POLICY)

31. Ms. Olscamp realleges each of the paragraphs above as if fully set forth herein.

32. The Life Policy constitutes a written contract between Ms. Olscamp and Standard whereby Standard, in consideration of Ms. Olscamp's premium payments promised to pay a death benefit in the event of her death or the death of her dependents, as well as providing for waiver of those same premiums in the event Ms. Olscamp became Disabled—as defined in the Life Policy.

33. Standard breached the terms of the Life Policy by refusing to render a

decision on Ms. Olscamp's Life Policy waiver of premium claim—thereby denying her claim.

33. As a direct and proximate result of Standard's breach of contract, Ms. Olscamp suffered actual damages in being deprived of the Life Policy waiver of premium benefits.

35. Ms. Olscamp is entitled to a judgment against Standard for *restoration* of the face value of the Life Policy—for both her and her dependents—and continued waiver of premium benefit under the Life Policy.

## PRAYER FOR RELIEF

36. Ms. Olscamp requests the Court to enter judgment in her favor and against Standard on all claims asserted herein, to include all relief as appropriate.

37. Ms. Olscamp requests the Court award pre- and post-judgment interest at greater of 12% or the rate earned by Standard on the unpaid benefits.

38. Ms. Olscamp requests the Court to award any and all other relief to which she may be entitled.

39. Ms. Olscamp requests leave to amend her claims when and as necessary to ensure she receives substantial justice.

40. Ms. Olscamp requests the Court deem her pleadings to conform to the evidence.

- 8 -

        Respectfully submitted,

        /s/ Peter J. Hobson

        **Peter J. Hobson, Attorney At Law**

        Peter J. Hobson
        P.O. Box 292345
        Tampa, Florida 33687
        p: 813.622.0000

        **Grabhorn Law | Insured Rights®**

        Andrew M. Grabhorn (KBA 96477)[1]
        *a.grabhorn@grabhornlaw.com*
        2525 Nelson Miller Parkway, Suite 107
        Louisville, Kentucky 40223
        p: 502.244.9331
        f: 502.244.9334

        ***Counsel for Plaintiff***

---

[1] *Pro hac vice* motion forthcoming.